UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL NO. |
| | ) JUDGE |
| 25 BUNDLES OF INDIAN EBONY WOOD, | ) |
| Defendant. | ) |

## VERIFIED COMPLAINT *IN REM*

Comes now the plaintiff, United States of America, by and through its attorneys, Jerry E. Martin, United States Attorney for the Middle District of Tennessee, and Debra Teufel Phillips, Assistant United States Attorney for said district, and brings this complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF THE ACTION

1. In this *in rem* civil action the United States of America seeks forfeiture, pursuant to the Lacey Act ("Lacey Act") 16 U.S.C. § 3374(a)(1), of twenty five (25) bundles of sawn Indian ebony wood (Diospyros ebenum) in the form of sawn logs, totaling one thousand two hundred and fifty (1,250) pieces, sawn to the dimensions of 510-530 x 75/70 x 10mm and 510-530 x 72/62 x 10mm imported into the United States from India, and arriving in the United States on June 22, 2011 via transport on American Airlines under Air Way Bill 589 2025 5804 (hereinafter collectively

referred to as "Defendant Property") and seized on June 29, 2011 by the United States Fish and Wildlife Service ("FWS").

2. The United States of America seeks forfeiture of the Defendant Property pursuant to 16 U.S.C. § 3374 because the Defendant Property constitutes property imported, exported, transported, sold, received, acquired, or purchased in violation any law or regulation of any State or any foreign law governing the export or transshipment of plants in violation of 16 U.S.C. § 3372(a)(2)(B)(iii).

3. The United States of America also seeks forfeiture of the Defendant Property pursuant to 16 U.S.C. § 3374 because the Defendant Property constitutes property for which any person has made or submitted any false record, account or label for, or any false identfication of any plant which has been, or is intended to be imported, exported, transported, sold, purchased or received from any foreign country or transported in interstate or foreign commerce in violation of 16 U.S.C. § 3372(d).

4. The United States of America also seeks forfeiture of the Defendant Property pursuant to 18 U.S.C. § 545 because the Defendant Property constitutes merchandise imported or brought into the United States, contrary to law, or, merchandise received, concealed, bought, sold, or which has been transported, concealed or sold after importation, knowing the same to have been imported or brought into the United States contrary to law.

5. The United States of America also seeks forfeiture of the Defendant property pursuant to 19 U.S.C. § 1595a (c)(1)(A) because the Defendant Property constitutes merchandise which is smuggled or clandestinely imported or introduced into the United States contrary to law.

## THE DEFENDANT *IN REM*

6. The Defendant Property was seized on June 29, 2011 in Dallas, Texas, by an inspector of the FWS.

7. The Defendant Property is presently located in Dallas, Texas, United States of America in the custody of FWS.

8. Pursuant to 21 U.S.C. § 881(h) and 18 U.S.C. § 981(f), all right, title and interest in the Defendant Property vests in the United States at the time of the acts giving rise to the forfeiture.

## JURISDICTION AND VENUE

9. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over this action pursuant to 16 U.S.C. § 3375(c) and 28 U.S.C. § 1345, and over this action for forfeiture under 16 U.S.C. § 3374 and 28 U.S.C. § 1355(a).

10. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Clerk issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(i). The plaintiff will then execute the warrant upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

11. Pursuant to 16 U.S.C. § 3375(c), venue provisions of Title 18 and Title 28 shall apply to any actions arising under this chapter. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355(b)(1) and 1395 because the acts or omissions giving rise to the forfeiture occurred in this district, specifically the order for the Defendant Property originated from Gibson Guitar Corp. based in Nashville, Tennessee, and the intended destination for the Defendant Property was also Gibson Guitar Corp. in Nashville, Tennessee.

## FACTS

12. The facts and circumstances supporting the forfeiture of the Defendant Property are contained in the Affidavit of Kevin L. Seiler, a copy of which is attached hereto as Exhibit 1 and incorporated as though fully set forth herein.

## CLAIM FOR RELIEF

13. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 11 above.

14. The Defendant Property constitutes property imported, exported, transported, sold, received, acquired, or purchased in violation any law or regulation of any State or any foreign law governing the export or transshipment of plants in violation of 16 U.S.C. § 3372(a)(2)(B)(iii).

15. The Defendant Property constitutes property for which any person has made or submitted any false record, account or label for, or any false identification of any plant which has been, or is intended to be imported, exported, transported, sold, purchased or received from any foreign country or transported in interstate or foreign commerce in violation of 16 U.S.C. § 3372(d).

16. The Defendant Property also constitutes merchandise imported or brought into the United States, contrary to law, or, merchandise received, concealed, bought, sold, or which has been transported, concealed or sold after importation, knowing the same to have been imported or brought into the United States contrary to law in violation of 18 U.S.C. § 545.

17. The Defendant Property also constitute merchandise which is smuggled or clandestinely imported or introduced into the United States contrary to law in violation of 19 U.S.C. § 1595a.

18. As a result of the foregoing, the Defendant Property is liable to forfeiture and is forfeitable to the United States in accordance respectively with 16 U.S.C. § 3374, 18 U.S.C. § 545 and 19 U.S.C. § 1595a(c)(1)(A)..

### PRAYER FOR RELIEF

WHEREFORE, the United States of America Prays that the Clerk issue a Warrant for Arrest *In Rem* for the Defendant Property and that the Defendant Property be condemned and forfeited to the United States of America in accordance with the provisions of law; that notice of this action be given to all persons known or thought to have an interest in or right against the Defendant Property; and that the plaintiff be awarded its costs in this action and for such other necessary and equitable relief as this Court deems proper.

Respectfully submitted,

JERRY E. MARTIN (BPR 20193)
United States Attorney for the
Middle District of Tennessee


DEBRA TEUFEL PHILLIPS (BPR 011706)
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
Telephone: (615) 736-5151
Attorneys for the United States of America

## VERIFICATION

I, Kevin L. Seiler, United States Fish and Wildlife Service Special Agent hereby verify and declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are from information gathered by law enforcement officers, as well as my investigation of this case as a Special Agent with the United States Fish and Wildlife Service.

I hereby verify and declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of September, 2011 at Nashville, Tennessee.

_____
Kevin L. Seiler, Special Agent