UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>25 BUNDLES OF INDIAN EBONY )<br>WOOD, )<br>)<br>Defendant. ) | Case No. 3:11-cv-00913<br>Judge William J. Haynes |

**CLAIMANT GIBSON GUITAR CORP.'S RESPONSE
TO PLAINTIFF'S MOTION TO STAY**

Claimant, Gibson Guitar Corp. ("Gibson"), files this response to the United States of America's (the "U.S. Government") motion to stay (Docket Entry No. 8).

**Introduction**

The U.S. Government seeks a stay solely on the ground that civil discovery "will compromise and prejudice" a related criminal investigation – even though no party has propounded any discovery. For this reason alone, the U.S. Government's motion necessarily fails under 18 U.S.C. § 981(g)(1).

Further, a stay is particularly inappropriate because this case presents a single, dispositive legal issue for which no discovery is necessary: can the U.S. Government overrule the official determinations of a foreign sovereign concerning the legality of its own exports? The U.S. Government's entire case hinges on its contention that the guitar fingerboards it seized were exported in violation of Indian law. But the Indian officials charged with interpreting India's

1

laws have determined that the goods at issue were lawfully exported from India. There is, of course, no basis in law for the U.S. Government's position.

It has been more than two years since the U.S. Government began its ill-founded investigations into fingerboards Gibson uses for its world-famous guitars. In that time, the U.S. Government has twice raided Gibson, most recently shuttering Gibson's Tennessee operations for an entire day, has repeatedly seized critical components Gibson uses for its guitars, confiscated shipments from Gibson's suppliers, and created an unjustified cloud of suspicion over Gibson. The cost to Gibson has been staggering. At every turn, the U.S. Government has sought to avoid a decision on the merits. Gibson respectfully requests that this Court deny the requested stay, consider the legal issue this case presents when the appropriate motion is filed, dismiss this action, and order the return of the seized property.

**Background**

The property at issue consists of 25 bundles of fingerboards made out of Indian ebony. Gibson ordered the fingerboards from Luthiers Mercantile International, Inc. ("LMI"), a U.S. company. The fingerboards originated from a supplier in India. The fingerboards were lawfully exported from India consistent with India customs laws.

When the importer attempted to bring the fingerboards into the United States, U.S. customs questioned the tariff classification of the fingerboards and questioned whether such fingerboards may be lawfully exported from India. In response, the Indian exporter of the fingerboards obtained a written statement from India's Director General of Foreign Trade ("DGFT"), clearly stating that India allows the free export of fingerboards such as those at issue. India's DGFT is the ultimate Indian authority regarding export decisions. A copy of the letter is

2
Case 3:11-cv-00913   Document 14   Filed 10/18/11   Page 2 of 9 PageID #: 55

attached as Exhibit 1. Upon information and belief, a copy of this certified letter was provided to U.S. Customs, and U.S. Customs acknowledged the letter.

Nevertheless, the U.S. Government has refused to release the fingerboards and now seeks their forfeiture based upon an alleged violation of the Lacey Act. The Lacey Act requires that the U.S. Government prove a violation of foreign law. Here, the complaint claims that the goods were not lawfully exported from India. As noted, this position contradicts the authoritative opinion of India's DGFT, which was issued in direct response to the seizure of the shipment at issue.

Instead of proceeding to prove its case, the Government has requested a stay. As explained below, the Government is not entitled to a stay.

## **Legal Standard**

The statute the U.S. Government invokes provides only one ground for a stay – prejudice to a related criminal investigation from **civil discovery**:

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that **civil discovery** will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

18 U.S.C. § 981(g)(1) (emphasis added).

The Government is not automatically entitled to a stay in a civil forfeiture action. "There is no presumption that civil discovery, in itself, automatically creates an adverse affect on the government's related criminal proceeding." United States v. All Funds ($357,311.68), No. Civ. A. 3:04-CV-1476-G, 2004 WL 1834589, at *2 (N.D. Tex. Aug. 10, 2004) (copy attached); United States v. Real Property & Premises, 657 F. Supp. 2d 1060, 1064 (D. Minn. 2009). "On the contrary, the Government must make an actual showing regarding the anticipated adverse affect." All Funds ($357,311.68), 2004 WL 1834589, at *2. In the absence of such a showing,

3

the request must be denied. "Neither the fact that the Government would be subject to civil discovery, nor bare assertions of hardship by the Government, are enough to satisfy the statutory standard." United States v. Currency $716,502.44, No. 08-CV-11475, 2008 WL 5158291, at *4 (E.D. Mich. Dec. 5, 2008) (copy attached).

## Argument

**1. The motion to stay is not ripe as no party has sought discovery.**

Here, no party has propounded discovery and, as such, the U.S. Government's motion necessarily fails. See United States v. One J.P. Morgan Chase Bank Account, No. 1:05-CV-59, 2006 WL 6562918, at *2 (Dec. 14, 2006) (denying Government's motion to stay when the parties had not engaged in discovery) (copy attached); United States v. All Funds on Deposit, 767 F. Supp. 36, 42 (E.D.N.Y. 1991) (denying Government's motion to stay where "the Government fails to point to any specific discovery request or abuse that has taken place, and makes no legitimate argument about the prospective ability of Stone or Hildenbrand to engage in discovery that could compromise its related criminal investigation."); All Funds ($357,311.68), 2004 WL 1834589, at *2 (denying Government's motion to stay for same reason); Real Property & Premises, 657 F. Supp. 2d at 1063 (holding that the Government's purported concern about anticipated discovery was insufficient grounds for a stay).[1] Indeed, Gibson anticipates filing an early dispositive motion without the need for any discovery from the Government. The Government can continue to investigate unimpeded while this Court considers Gibson's motion

---

[1] The U.S. Government relies upon distinguishable cases in support of its motion. For instance, in United States v. GAF Financial Services, Inc., a claimant's motion to compel discovery was pending when the Government obtained a stay. 335 F. Supp. 2d 1371, 1373 (S.D. Fl. 2004). In another case, the court granted a stay for two months after previously encouraging the parties to engage in informal discovery. See United States v. Four Hundred Sixth Three Thousand Four Hundred Ninety Seven Dollars and Seventy Two Cents, 604 F. Supp. 2d 978, 981-82 (E.D. Mich. 2009).

and dismisses this forfeiture action based on well-settled principles of international law, which American courts have dutifully followed for decades.

Further, a stay would harm Gibson by frustrating its interest in speedy resolution of the U.S. Government's claims against it. See S.E.C. v. Fraser, No. CV-09-00443-PHX-GMS, 2009 WL 1531854, at *3 (D. Ariz. June 1, 2009) ("The civil case, like the criminal case, asserts serious violations of the securities laws, and Defendants have a strong interest in being able to defend themselves against the SEC's allegations as quickly as possible."). Indeed, the U.S. Government's unlawful quest to shutter Gibson's Tennessee operations by overruling the official acts of foreign sovereigns has been ongoing for two years. See id. ("[T]he investigations underlying the civil and criminal proceedings have already been going on for years, and litigation may very well continue for years to come."). Gibson is entitled to prompt adjudication of this action free from the U.S. Government's delay tactics.

**2.     This case should be dismissed as a matter of law without discovery.**

This action is subject to dismissal as a matter of law even without any discovery based upon the official determinations of the Indian government. The U.S. Government claims that forfeiture is proper under the Lacey Act. The Lacey Act, however, requires that the U.S. Government prove a foreign law was violated. As noted above, India has deemed that the fingerboards at issue may be lawfully exported. Thus, there is no violation of the Lacey Act, and this action should be dismissed.

As a matter of law, the U.S. Government cannot second-guess the decision of a sovereign foreign government concerning the legality of exporting its own natural resources. See World Wide Minerals, Ltd. v. Republic of Kazakhstan, 296 F.3d 1154, 1164-1165 (D.C. Cir. 2001) (refusing to second-guess the export decision of a foreign sovereign with regard to its own

5

natural resources and noting that U.S. courts may not inquire "into the validity of the public acts a recognized foreign sovereign power committed within its own territory"); Bokkelen v. Gruman Aerospace Corp., 432 F. Supp. 329 (E.D. N.Y. 1977) (same); MOL, Inc. v. Peoples Republic of Bangladesh, 572 F. Supp. 2d 79 (N.D. Ill. 2003) (refusing to second guess foreign sovereign's regulation of its own wildlife). As the World Wide Minerals court noted, "the right to regulate imports and exports is a sovereign prerogative." 296 F.3d at 1154.

Based upon the U.S. Government's pleadings and the official opinion of India's DGFT, Gibson will be entitled to judgment as a matter of law. Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008) (when presented with a Rule 12(b)(6) motion, court may consider public records relevant to the claims set forth in the complaint); Stanley v. City of Norton, 124 Fed. App. 305, 309 (6th Cir. 2005) (same).

### 3. The case should be dismissed because the U.S. Government did not provide the requisite statutory notice of seizure.

A stay is further inappropriate because this action is subject to dismissal for the U.S. Government's failure to provide the statutory notice of seizure. The civil forfeiture statute requires the U.S. Government to provide written notice of the seizure to the interested parties no more than sixty days after the date of the seizure. 18 U.S.C. § 983(a)(1)(A)(i). The U.S. Government's Verified Complaint alleges that it seized the subject property on June 29, 2011. (Verified Complaint *in Rem* ¶¶ 1, 6). The U.S. Government did not provide Gibson with the required written notice of seizure, and it has been almost four months since the alleged seizure.[2] As such, this action should be dismissed, not stayed.

---

[2] The required notice of seizure "shall described the seized wildlife or other property, and shall state the time, place, and reason for the seizure." 50 C.F.R. § 12.11.

### 4. The Court may fashion a protective order instead of issuing a stay.

If the Government has some legitimate basis for asserting that it may have to disclose truly sensitive information in this forfeiture action, the Court may fashion relief other than a stay, such as a protective order sealing or limiting the use of particular information. See 18 U.S.C. § 981(g)(3). For instance, the Court may seal documents or limit the use of sensitive materials. See Lizarraga v. City of Nogales Arizona, No. CV 06-474 TUC DCB, 2007 WL 215616, at *1, *4 (D. Ariz. 2007) (imposing protective order instead of issuing stay pending outcome of related criminal proceeding).

### 5. Any stay should be limited.

Gibson needs the wood components at issue to be able to continue its lawful business of manufacturing musical instruments. The Court should not permit the U.S. Government to hold those critical components indefinitely, especially considering that the Indian government has expressly determined that the subject fingerboards were legally exported. The U.S. Government has been investigating Gibson's wood sourcing for more than two years and this particular shipment for four months, and in the process has caused severe interruption of Gibson's business as it has seized and stockpiled Gibson's guitars and their components. The U.S. Government's investigation has reached a legal dead end, and there is no reason to delay dismissal of this action.

Even when courts do take the extraordinary step of staying a forfeiture action, such stays should be limited. In United States v. $463,497.72, the Government filed a forfeiture action in April 2008 and moved for a stay one month later, arguing that maintenance of the forfeiture action could adversely affect a pending criminal investigation. 604 F. Supp. 2d 978, 980, 981 (E.D. Mich. 2009). The court limited the stay to two months. Id. at 982. As the Court

explained, "having seized a substantial amount of money, the government is not entitled to protect its information indefinitely." Id. The "government's submission does not detail an investigation that is particularly far-reaching or complicated." Id. Here, there is entirely no basis for a stay, much less one than lasts more than a month or two.

**Conclusion**

For the foregoing reasons, Gibson respectfully requests that this Court deny the U.S. Government's motion for a stay, dismiss this action, and order the U.S. Government to return the seized property to the importer.

Respectfully submitted,

s/ Tim Harvey
Steven A. Riley (BPR # 6258)
Timothy G. Harvey (BPR # 021509)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37202
(615) 320-3700 – telephone
(615) 320- 3737 – facsimile
sriley@rwjplc.com
tharvey@rwjplc.com

*Attorneys for Gibson Guitar Corp.*

## CERTIFICATE OF SERVICE

I certify that, on October 18, 2011, a true and correct copy of the foregoing has been served upon the following Filing Users through the Court's Electronic Filing System:

Jerry E. Martin
United States Attorney for the
Middle District of Tennessee
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
jerry.martin2@usdoj.gov

Debra Teufel Phillips
United States Attorney for the
Middle District of Tennessee
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
deb.phillips@usdoj.gov

*Attorneys for the United States of America*


Alexander Fardon
Harwell, Howard, Hyne, Gabbert, and Manner
315 Deaderick Street, Suite 1800
Nashville, TN 37238-1800
daf@h3gm.com

*Attorney for Luthiers Mercantile International, Inc.*


                                              s/ Tim Harvey