IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | JURY DEMAND |
| | ) | |
| v. | ) | Case No. 3:11-cv-00913 |
| | ) | |
| 25 BUNDLES OF INDIAN EBONY WOOD, | ) | Judge William J. Haynes |
| | ) | |
| Defendant. | ) | |

## LMI'S ANSWER

Luthiers Mercantile International, Inc. ("LMI") responds to the Complaint as follows:

1. Paragraph 1 of the Complaint is merely a description of the claim brought by the plaintiff. LMI denies that the plaintiff is entitled to the relief plaintiff seeks.

2. LMI denies the allegations regarding the defendant property in paragraph 2 of the Complaint.

3. LMI denies the allegations regarding the defendant property in paragraph 3 of the Complaint.

4. LMI denies the allegations regarding the defendant property in paragraph 5 of the Complaint.

5. LMI denies the allegations regarding the defendant property in paragraph 5 of the Complaint.

6. Upon information and belief, LMI admits the allegations contained in paragraph 6 of the Complaint.

7. LMI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Complaint.

1

8. LMI denies the allegations contained in paragraph 8 of the Complaint.

9. LMI denies that this Court has subject matter jurisdiction, as the plaintiff failed to provide written notice of the seizure to interested parties within 60 days of the seizure, as required by 18 U.S.C. Section 983(a)(1)(A)(i), and therefore should have released the defendant property.

10. LMI denies that this Court has subject matter jurisdiction, as the plaintiff failed to provide written notice of the seizure to interested parties within 60 days of the seizure, as required by 18 U.S.C. Section 983(a)(1)(A)(i), and therefore should have released the defendant property. The second and third sentences in paragraph 10 of the Complaint require no response.

11. If this Court had subject matter jurisdiction, LMI would not contest venue.

12. With respect to the contents of Agent Seiler's affidavit,

- LMI lacks knowledge or information sufficient to form a belief about the truth of the assertions made in paragraphs 1-6;

- Paragraphs 7-16, in which Agent Seiler purports to interpret applicable law, regulations, and tariff codes, require no response, as the applicable law, regulations, and tariff codes speak for themselves and will be interpreted by the Court (LMI, however, denies any implication that India prohibits the export of fingerboards such as those seized by the plaintiff.);

- With respect to paragraphs 17-25, (a) the cited documents speak for themselves; (b) the exporter of the fingerboards at issue used HS code 9209, upon information and belief, because (as the plaintiff is aware) that is the code series that Indian law and practice mandates when exporting fingerboards from India; (c) the cited documents reflect that an Indian customs official signed the shipping bill for export, which both referenced HS

code 9209 and identified the goods as "ebony finger boards"; (d) with just one exception, the export and import paperwork consistently and accurately describes the goods at issue as ebony fingerboards from India; (e) the lone exception is a Form 3461, which, unknown to LMI, was completed in error by an employee of an independent customs broker – an error that LMI did not become aware of until after the seizure of the defendant property; (f) LMI used the HS code 4407 on the June 17, 2011 PPQ 505 because, as Agent Seiler states in his affidavit, that is the classification required when importing fingerboards into the United States according to a 1993 U.S. Customs ruling; (g) LMI submitted the revised June 30, 2011 PPQ using the HS code 9209 because, as indicated in a cover email to the FWS Inspector to which LMI was providing information concerning the shipment, LMI believed based on its communications with that Inspector that FWS wanted the code used on the PPQ 505 "to match that of the exporter on his paperwork"; (h) LMI denies all suggestions of deception, concealment, or wrongful intent, and any claim that there has been a violation of law; and (i) in fact, this shipment was exported from India and imported into the United States in compliance with the laws of both countries;

- With respect to paragraphs 26-27, LMI (a) admits that it intended these fingerboards to fill an order placed from Gibson Guitar in Nashville, Tennessee; (b) admits that the owners of Theodor Nagel, GmbH also are the owners of LMI; (c) denies that the goods at issue are contraband or otherwise illegal to possess; and (d) lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions; and

- LMI denies the assertions made in paragraphs 28-30, as well as all assertions not specifically and expressly admitted above.

13. LMI incorporates its responses to paragraphs 1 through 11 of the Complaint.

3

14. LMI denies the allegations contained in paragraph 14 of the Complaint.

15. LMI denies the allegations contained in paragraph 15 of the Complaint.

16. LMI denies the allegations contained in paragraph 16 of the Complaint.

17. LMI denies the allegations contained in paragraph 17 of the Complaint.

18. LMI denies the allegations contained in paragraph 18 of the Complaint.

LMI denies every allegation of the Complaint that is not specifically and expressly admitted above. In addition, LMI asserts these affirmative defenses:

1. This Court lacks subject-matter jurisdiction and/or the plaintiff lacks standing because the plaintiff failed to give the notice required by 18 U.S.C. Section 983(a)(1)(A)(i), depriving those with an interest in the seized goods with due process.

2. The government of India has determined that the export of fingerboards made of Indian ebony is permitted under Indian law. The plaintiff may not second-guess the decision of the sovereign government of India as to the application of its own laws.

3. The plaintiff's claims are barred by the Fourth Amendment to the U.S. Constitution because the plaintiff cannot meet its burden to establish that it had probable cause to seize the defendant property.

4. The plaintiff's claims are barred by the Due Process Clause of the Fifth Amendment because the plaintiff purports to render illegal certain conduct that was legal when it occurred.

5. The plaintiff's claims are barred by the Ex Post Facto Clause of Article I, Section 9 of the U.S. Constitution because the plaintiff purports to render illegal conduct that was legal when it occurred in India.

6. The plaintiff's claims are barred because the Lacey Act violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution as unconstitutionally vague and as failing to provide fair notice of the conduct it proscribes.

7. The plaintiff's claims are barred by the doctrines of unclean hands, estoppel, laches, and/or waiver.

8. LMI was a bona fide purchaser and seller for value that did not know, and was reasonably without cause to believe, that the defendant property was subject to forfeiture.

## JURY DEMAND

LMI hereby demands a trial by jury of all issues so triable.

Wherefore, LMI respectfully requests that the Court dismiss this action, award LMI its fees and costs pursuant to 28 U.S.C. 2465(b), and order the plaintiff to release the defendant property.

Respectfully submitted:

HARWELL HOWARD HYNE
GABBERT & MANNER, P.C.

s/ D. Alexander Fardon
D. Alexander Fardon
315 Deaderick Street, Suite 1800
Nashville, TN 37238-1800
Telephone: 615-256-0500
Facsimile: 615-251-1058
Email: daf@h3gm.com

*Counsel to Luthiers Mercantile International, Inc.*

# CERTIFICATE OF SERVICE

I certify that on November 10, 2011, a true and correct copy of the foregoing has been served upon the following Filing Users through the Court's Electronic Filing System:

Jerry E. Martin
United States Attorney for the Middle District of Tennessee
110 Ninth Avenue South, Suite A-961
Nashville, TN 37203-3870
jerry.martin2@usdoj.gov

Debra Teufel Phillips
United States Attorney for the Middle District of Tennessee
110 Ninth Avenue South, Suite A-961
Nashville, TN 37203-3870
deb.phillips@usdoj.gov

Steven Allen Riley
Riley, Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
sriley@rwjplc.com

Timothy G. Harvey
Riley, Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
tharvey@rwjplc.com

s/ D. Alexander Fardon
D. Alexander Fardon